IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDY R. GARCIA,

      Petitioner,                    No. CIV S-07-1133 EFB P

   vs.

D. ADAMS, Warden, et al.,

      Respondents.               ORDER

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is respondents' amended motion to dismiss this action on the grounds that the petition is second or successive and was filed beyond the one-year statute of limitations period. *See* 28 U.S.C. § 2244(b), (d). Petitioner opposes the motion and asks that the court construe the instant petition as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it. Respondents' motion to dismiss must be granted.

**I.    Standards**

      A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*;

1

*see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

Rule 60(b) allows a party to move for relief from a final judgment. However, if a motion brought under Rule 60(b) seeks to raise a new substantive claim for habeas relief, or offers newly discovered evidence for such a claim, it is in substance a successive petition under 28 U.S.C. § 2244(b) and should be treated accordingly. *Gonzalez v. Crosby*, 545 U.S. 524, 530-531 (2005). Similarly, a Rule 60(b) motion that seeks to raise an omitted claim because of the movant's "excusable neglect" is also to be treated as a successive petition under 28 U.S.C. § 2244(b). *Id.* On the other hand, if the motion attacks the integrity of the federal habeas proceedings, for example, challenging the court's failure to reach the merits of the habeas petition, the motion may properly be considered to arise under Rule 60(b). *Id.* at 538.

## II.   Background

On June 20, 1997, in the Tulare County Superior Court, petitioner was convicted of attempted second degree murder and assault with a deadly weapon with intent to inflict great bodily injury. Pet. 2; Lodged Doc. 2, at 2. The court found true enhancement allegations that petitioner suffered three prior prison terms and a serious felony within the meaning of the three strikes law. Lodged Doc. 2, at 2. Petitioner was sentenced to an aggregate term of 25 years in state prison. Pet. 2; Lodged Doc. 2, at 2.

Prior to filing the instant petition, petitioner filed in this court two petitions challenging the above-referenced state conviction and sentence. *See Garcia v. Galaza*, No. 1:00-cv-05513 and *Garcia v. Galaza*, No. 1:02-cv-06421; Lodged Docs. 15, 17. The first petition was denied

////

////

on its merits on March 13, 2001.[1] Lodged Docs. 15-16. With respect to the second petition, the court observed that petitioner had already challenged the state conviction and sentence in case number 1:00-cv-05513 and had not obtained leave from the Ninth Circuit to file a successive petition. Lodged Doc. 17. Consequently, the court determined it had no jurisdiction to consider the petition and dismissed it as successive. Lodged Docs. 17-18.

In the instant petition, petitioner asserts various claims of error regarding his state conviction and sentence, including ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of evidence. Pet. 5-6. Petitioner contends that he did not raise these grounds for relief earlier because he is not legally trained and he received ineffective assistance of counsel in the state trial and appellate proceedings. *Id.* at 6; Pet.'s Opp'n., at 2:26-3:17.

On January 15, 2008, the Ninth Circuit denied petitioner's request to file a successive petition. Resps.' Reply, Ex. 1.

**III.   Analysis**

The instant petition is successive. Petitioner has previously challenged the custody imposed by the state court judgment, and this court adjudicated that petition on the merits. *See Garcia v. Galaza*, No. 1:00-cv-05513; Lodged Docs. 15-16. The Ninth Circuit denied petitioner's application to file a successive petition and, therefore, this court lacks jurisdiction. *See* 28 U.S.C. § 2244(b); *Burton*, 549 U.S. 147.

Petitioner asks this court to construe his petition as a Rule 60(b) motion. However, the instant petition "seeks to add [] new ground[s] for relief" and does not attack "some defect in the integrity of the federal habeas proceedings." *See Gonzalez,* 545 U.S. at 532. To allow petitioner's claims to proceed as a Rule 60(b) motion "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to

---

[1] Petitioner's assertion that his first petition was denied "on procedural grounds," Pet. 3:22-4:14, is wholly without merit. A reading of the state court's decision demonstrates unequivocally that the petition was adjudicated on the merits. *See* Lodged Docs. 15-16.

1 the successive-petition bar." *Id.* For these reasons, the Court construes petitioner's "Rule 60(b)
2 motion" as an attempt to file a successive federal habeas petition under 28 U.S.C. § 2254 and
3 therefore the court denies the motion for lack of jurisdiction. Because the petition must be dismissed
4 for lack of jurisdiction, the court does not address respondents' statute of limitations argument.

5     Accordingly, it is hereby ORDERED that:

6     1. Respondents' January 8, 2008, amended motion to dismiss is granted; and

7     2. The Clerk is directed to close the case.

8 Dated: September 16, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4